IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-81-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| LANCE WINSLOW STODDARD, | |
| Defendant. | |

## I.     Synopsis

Defendant Lance Winslow Stoddard (Stoddard) has been accused of violating the conditions of his supervised release. (Docs. 69, 79, 88, 97 and 100). Stoddard admitted some of the alleged violations and the Government met its burden of proof regarding the remaining allegations. Stoddard's supervised release should be revoked. Stoddard should be sentenced to custody for 6 months, with no term of supervised release to follow.

## II.     Status

Stoddard pleaded guilty on May 26, 2021, to the offense of Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C § 2. (Doc. 34).  The Court sentenced Stoddard to 38 months

of custody, followed by 3 years of supervised release. (Doc. 50). Stoddard's current term of supervised release began on January 9, 2023.

**Petition**

On March 24, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Stoddard's supervised release. (Doc. 69). The Petition alleged Stoddard violated conditions of his supervised release by: (1) using methamphetamine on March 20, 2025; and (2) failing to comply with substance abuse testing by altering a urine specimen on March 20, 2025.

**Initial Appearance**

Stoddard appeared before the Court on April 9, 2025. Stoddard was represented by counsel. Stoddard stated that he had read the Petition and that he understood the allegations against him. Stoddard waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Stoddard appeared before the Court on April 9, 2025. Stoddard admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) using methamphetamine on March 20, 2025; and (2) failing to comply with substance abuse testing by altering a urine specimen on March 20, 2025. The Court continued Stoddard's sentencing until July 8, 2025.

**Amended Petition**

On April 25, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Stoddard's supervised release. (Doc. 79). The Amended Petition alleged Stoddard violated conditions of his supervised release by the added violation of: (3) failing to comply with substance abuse testing requirements by submitting a urine sample not consistent with normal human urine on April 15, 2025.

**Second Initial Appearance**

Stoddard appeared before the Court on May 6, 2025. Stoddard was represented by counsel. Stoddard stated that he had read the Amended Petition and that he understood the allegations against him. Stoddard requested a preliminary hearing.

**Preliminary hearing**

Stoddard appeared before the Court on May 6, 2025. The parties consented to proceed with the preliminary hearing before the undersigned. The Court heard testimony from United States Probation officer Mike Chism. Following this testimony, the Court determined the Government had established probable cause that Stoddard had committed allegation (3). The Court scheduled an evidentiary hearing for May 20, 2025, at 1:30 p.m., which was continued until June 11, 2025.

**Second Amended Petition**

On June 3, 2025, the United States Probation Office filed a Second Amended Petition requesting that the Court revoke Stoddard's supervised release. (Doc. 88). The Second Amended Petition alleged Stoddard violated conditions of his supervised release by the added violations of: (4) having a sweat patch applied to his body on May 8, 2025 and removed from his body on May 15, 2025, test positive for methamphetamine on May 23, 2025; and (5) having a sweat patch applied to his body on May 16, 2025 and removed from his body on May 22, 2025, test positive for methamphetamine on May 31, 2025.

**Second Revocation Hearing/Evidentiary Hearing**

Stoddard appeared before the Court on June 11, 2025. The Court noted that on April 9, 2025, Stoddard had previously admitted to allegations (1) and (2). Stoddard requested a continuance regarding allegations (4) and (5), which the Court granted. The Court scheduled the final revocation hearing concerning allegations (4) and (5) for June 24, 2025 at 10:00 a.m.

The Court then proceeded with an evidentiary hearing regarding allegation (3). The Court heard testimony from Dr. Cheska Richards from Abbott Laboratories and from Ross Murphy from Compliance Monitoring Systems. Stoddard also testified.  Following the testimony, Stoddard raised an objection regarding his right to confront the witness who had performed the analysis of the urine sample at Abbot

Laboratories.  The Court ordered the parties to submit briefs by June 18, 2025, regarding this issue and then took the matter under advisement.

**Third Amended Petition**

On June 18, 2025, the United States Probation Office filed a Third Amended Petition requesting that the Court revoke Stoddard's supervised release. (Doc. 97). The Third Amended Petition alleged Stoddard violated conditions of his supervised release by the added violation of: (6) having a sweat patch applied to his body on May 22, 2025, and removed from his body on May 29, 2025, test positive for methamphetamine on June 11, 2025.

**Third Initial Appearance**

Stoddard appeared before the Court on June 24, 2025. Stoddard was represented by counsel.  Stoddard stated that he had not yet received the Third Amended Petition.

**Third Revocation Hearing/ Evidentiary Hearing**

Stoddard appeared before the Court on June 24, 2025. The Court noted that Stoddard had previously admitted allegations (1) and (2) set forth in the Third Amended Petition.  The Court then determined based upon the briefing of the parties, Dr. Cheska Richards testimony regarding allegation (3) was reliable and consideration of her testimony did not violate Stoddard's due process right to confront the witnesses against him. The Court found that based upon all the

testimony at the evidentiary hearing conducted on June 11, 2025, the Government had met its burden of proof that it was more likely than not that Stoddard had committed violation (3).

The Court then conducted an evidentiary hearing regarding allegations (4) and (5). The Court heard testimony from Ross Murphy of Compliance Monitoring Systems and United States Probation Officer Nichole Anderson. Stoddard also testified.  Based upon the testimony, the Court determined the Government had met its burden to show that it was more likely than not that Stoddard had committed allegations (4) and (5).  The Court scheduled an initial appearance on allegation (6) for July 29, 2025 and continued Stoddard's home confinement. This hearing was subsequently reset for August 12, 2025.

**Fourth Amended Petition**

On July 23, 2025, the United States Probation Office filed a Fourth Amended Petition requesting that the Court revoke Stoddard's supervised release. (Doc. 100). The Fourth Amended Petition alleged Stoddard violated conditions of his supervised release by the added violations of: (7) having a sweat patch applied to his body on May 29, 2025, and removed from his body on June 5, 2025, test positive for methamphetamine on June 19, 2025; (8) failing to comply with the rules and regulation of location monitoring on July 15, 2025; and (9) failing to comply with the rules and regulations of location monitoring  on July 22, 2025.

**Fourth Initial Appearance**

Stoddard appeared before the Court on August 12, 2025. Stoddard stated that he had read the Fourth Amended Petition and that he understood the allegations against him. Stoddard waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Fourth Revocation Hearing/ Evidentiary Hearing**

Stoddard appeared before the Court on August 12, 2025. The Court noted that Stoddard had previously admitted allegations (1) and (2) set forth in the Fourth Amended Petition. The Court further noted that it had previously found that Stoddard had more likely than not violated the conditions of his supervised release as set forth in allegations (3), (4) and (5) of the Fourth Amended Petition. The Court also noted that Stoddard had previously requested an evidentiary hearing regarding allegation (6) set forth in the Third Amended Petition. Stoddard requested an evidentiary hearing regarding allegations (7), (8) and (9) as set forth in the Fourth Amended Petition.

The Court then proceeded to an evidentiary hearing regarding allegations (6), (7), (8) and (9). The Court heard testimony from Richard Sheriff of Clinical Reference Laboratory and from United States Probation officer Nichole Anderson. Based upon the testimony, the Court determined the Government had met its burden to show that it was more likely than not that Stoddard had committed allegations (6),

(7), (8) and (9).  The Court determined that violations (8) and (9), standing alone, do not rise to the level of a basis to revoke Stoddard's supervised release.  The Court, however, found Stoddard's admitted and proven violations, 1-7, are serious and warrant revocation of his supervised release.

### Sentencing hearing

Stoddard appeared before the Court on August 12, 2025. Stoddard's violations are Grade C.  His criminal history category is II.  Stoddard's underlying offense is a Class C felony.  Stoddard could be incarcerated for up to 24 months.  Stoddard could be ordered to remain on supervised release for 36 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Stoddard's supervised release should be revoked. Stoddard should be sentenced to custody for 6 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Stoddard that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Stoddard of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Stoddard that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That LANCE WINSLOW STODDARD has violated the conditions of his supervised release by: (1) using methamphetamine on March 20, 2025; (2) failing to comply with substance abuse testing by altering a urine specimen on March 20, 2025; (3) failing to comply with substance abuse testing requirements by submitting a urine sample not consistent with normal human urine on April 15, 2025; (4) having a sweat patch applied to his body on May 8, 2025 and removed from his body on May 15, 2025, test positive for methamphetamine on May 23, 2025; (5) having a sweat patch applied to his body on May 16, 2025 and removed from his body on May 22, 2025, test positive for methamphetamine on May 31, 2025; (6) having a sweat patch applied to his body on May 22, 2025 and removed from his body on May 29, 2025, test positive for methamphetamine on June 11, 2025; and (7) having a sweat patch applied to his body on May 29, 2025 and removed from his body on June 5, 2025, test positive for methamphetamine on June 19, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Stoddard's supervised release and sentence Stoddard to custody for 6 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of August 2025.


John Johnston
United States Magistrate Judge