IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br><br>LANCE WINSLOW STODDARD,<br><br>Defendant. | CR-20-81-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

    United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on August 13, 2025. (Doc. 107.)

    When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

    Judge Johnston conducted a revocation hearing on August 12, 2025 (Doc. 105.) The United States accused Lance Stoddard (Stoddard) of violating the

conditions of his supervised release by: (1) using methamphetamine on March 20, 2025; and (2) failing to comply with substance abuse testing by altering a urine specimen on March 20, 2025; (3) failing to comply with substance abuse testing requirements by submitting a urine sample not consistent with normal human urine on April 15, 2025; (4) having a sweat patch applied to his body on May 8, 2025 and removed from his body on May 15, 2025, test positive for methamphetamine on May 23, 2025; and (5) having a sweat patch applied to his body on May 16, 2025 and removed from his body on May 22, 2025, test positive for methamphetamine on May 31, 2025; (6) having a sweat patch applied to his body on May 22, 2025, and removed from his body on May 29, 2025, test positive for methamphetamine on June 11, 2025; (7) having a sweat patch applied to his body on May 29, 2025, and removed from his body on June 5, 2025, test positive for methamphetamine on June 19, 2025; (8) failing to comply with the rules and regulation of location monitoring on July 15, 2025; and (9) failing to comply with the rules and regulations of location monitoring on July 22, 2025. (Docs. 69, 79, 88, 97 and 100.)

At the revocation hearing, Stoddard admitted he had violated the allegations1-5 in the Amended Petition. The Court determined that the Government had met its burden to show that is was more likely than not that Stoddard had committed alleged violations 6-9 of the Amended Petition. The Court determined that violations (8) and (9), standing alone, do not rise to the level of a basis to revoke Stoddard's supervised release.

Stoddard was advised of his right to appeal and allocute before the undersigned. (Doc. 105.)

Judge Johnston found that violations Stoddard admitted proves serious and warrants revocation of his supervised release and recommends a term of 6 months with no supervised release to follow. (Doc. 107.)

The violations prove serious and warrant revocation of Stoddard's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 107) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Lance Winslow Stoddard be sentenced for 6 months with no supervised release to follow.

DATED this 2nd day of September 2025.

_____
Brian Morris, Chief District Judge
United States District Court